UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA COLBERT and LORI BROWN, Individually and on Behalf of All Other Persons Similarly Situated, | : : : : |
| Plaintiffs, | : **Civil Action** : |
| vs. | : : |
| HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE; and JOHN DOES #1-10, | : **No. 2:22-cv-03055-JP** : : : |
| Defendant. | : : |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release, including all exhibits attached hereto, dated as of July 31, 2023, is entered into by and between, on the one hand, Named Plaintiffs PATRICIA COLBERT and LORI BROWN ("Plaintiffs"), on behalf of themselves and of a putative collective and class of individuals they seek to represent in the above-captioned matter, and on the other hand, Defendant HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE (the "Defendant") (Plaintiffs and the Defendant, collectively referred to as the "Parties"). It supersedes the May 16, 2023 and June 21, 2023, Settlement Agreements and Releases between Plaintiffs and Defendant.

## 1.    RECITALS AND BACKGROUND

WHEREAS, on August 3, 2022, the Plaintiffs filed a Class and Collective Action Complaint in the U.S. District Court, Eastern District of Pennsylvania entitled *Colbert v Hand In Hand Group Inc.* et al., Case No. 2:22-cv-03055-JP;

WHEREAS, on September 26, 2022, Plaintiffs filed an Amended Collective and Class Action Complaint in the Litigation;

WHEREAS, on December 5, 2022, Defendant filed an Answer to the Amended Collective and Class Action Complaint in the Litigation;

WHEREAS, the Parties have exchanged more than 15,000 pages of documents and information relative to the claims and defenses in the Litigation including payroll records for the putative class and collective members, and Plaintiffs exchanged their estimated damages analysis with Defendant;

WHEREAS, this Agreement was reached after the Parties engaged in settlement negotiations on March 10, 2023 at a settlement conference before Magistrate Judge Craig Straw and was revised after a conference with the Court on June 1, 2023 ;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims between Plaintiffs and Defendant in the Litigation;

WHEREAS, Defendant denies all of the allegations of wrongdoing in the Litigation, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that wages, overtime, and/or other amounts were withheld improperly, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendant in the Litigation, and the impact of this Agreement on Plaintiffs and putative members of the collective and class actions, and based upon Class Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and the putative members of the collective and class actions;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Agreement.**  "Agreement" means this Settlement Agreement and Release.

1.2    **Amended Complaint**.  "Amended Complaint" means the Amended Collective and Class Action Complaint filed by Plaintiffs in the Litigation on September 26, 2022.

1.3    **Bar Date.** "Bar Date" means the date by which a Class Member must file an Opt-Out Statement, which shall be sixty (60) days from the date the Settlement Claims Administrator mails the Notice, thirty (30) days after a notice re-mailing, or as otherwise set by the Court.

1.4    **Class Counsel.  "Class Counsel" means** Sergei Lemberg, Esq. and Joshua Markovits, Esq., Lemberg Law, LLC 43 Danbury Road, Wilton, Connecticut 06897, 203.653.2250;

and William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017, 212-286-1425.

1.5  **Class Members.**  "Class Members" means all individuals who worked for Defendant to provide personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors;  and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10, 2023, as reflected in the "Class List" set forth on Exhibit D.

1.6  **Class Settlement Amount.** "Class Settlement Amount" means the portion of the Net Settlement Fund (70% of the Net Settlement Fund) that is used to pay Participating Class Members.

1.7  **Collective Members.**  "Collective Members" means the Plaintiffs, and all individuals who worked for Defendant to provide personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors;  and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10, 2023.  All Collective Members are Class Members.

1.8  **Collective Settlement Amount.** "Collective Settlement Amount" means the portion of the Net Settlement Fund (30% of the Net Settlement Fund) that is used to pay Participating Collective Members.

1.9  **Costs and Fees.**  "Costs and Fees" means Class Counsels' reasonable attorneys' fees in this matter, which shall be no more than 33 1/3 % of the Settlement Amount, and costs, and expenses for reimbursement of actual litigation costs and expenses, all to be paid from the QSF and subject to the Court's approval.

1.10  **Court.**  "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.11  **Cy Pres.** "Cy Pres Recipient" means the organization that the Parties agree to, and that the Court finds appropriate, to receive any funds from uncashed Settlement Checks.

1.12  **Defendant.** "Defendant" means HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE.

1.13  **Defendant's Counsel.  "Defendant's Counsel" means** Matthew Olesh, Esq. and Charles Shute, Esq., Obermayer Rebmann Maxwell & Hippel LLP Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, (215) 665-3000; Matthew.olesh@obermayer.com; Charles.shute@obermayer.com

1.14  **Employer Payroll Taxes.**  "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

**1.15    Effective Date.**  "Effective Date" of the settlement shall mean the last of the following dates: (a) the date thirty (30) days after the entry of an order by the District Court granting final approval to the Settlement, if there are no appeals; or (b) if there is an appeal of the Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

**1.16    Fairness Hearing.**  "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Settlement Approval.

**1.17    Final Approval Order.**  "Final Approval Order" means the proposed Order attached as Exhibit "C" to be entered by the Court after the Fairness Hearing, approving the terms of this Agreement, dismissing the Amended Complaint with prejudice, and entering a judgment consistent with the Parties' settlement terms.

**1.18    Initial Settlement Checks.**  "Initial Settlement Checks" means the first set of checks issued to Settlement Participants for their share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.19    Litigation.**  "Litigation" means *Colbert v Hand in Hand Group Inc. et al.,* Case No. 2:22-cv-03055-JP in the U.S. District Court, Eastern District of Pennsylvania.

**1.20    Motion for Preliminary Settlement Approval.**  "Motion for Preliminary Settlement Approval" means the motion, including all supporting papers, which Plaintiffs shall file with the Court requesting preliminary approval of the class and collective action settlement, including entry of the Preliminary Approval Order, and approval of the proposed Notice. The Motion for Preliminary Settlement Approval shall include: (1) the proposed Notice; (2) the proposed Preliminary Approval Order; (3) an executed version of this Agreement; and (4) any other necessary documents, memorandum, affidavits and exhibits for the purposes of conditionally certifying, for settlement purposes only, a collective of all Collective Members and certifying, for settlement purposes only, a class of all Class Members.

**1.21    Motion for Final Settlement Approval.** "Motion for Final Settlement Approval" means the Motion for Final Settlement Approval and Dismissal with Prejudice and other documents to be filed with the Court seeking final approval of the settlement and dismissal of the Litigation with prejudice.

**1.22    Net Settlement Fund.**  "Net Settlement Fund" means the remainder of the Settlement Amount after deductions for: (1) Class Counsels' Court-approved Costs and Fees; (2) Court-approved Service Awards to the Plaintiffs; (3) the Settlement Claims Administrator's fees and costs; and (4) Employer's Payroll Taxes.

**1.23    Notice.**  "Notice" means the proposed Court–approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit, which is attached hereto as Exhibit "A."

**1.24    Notice Date.** "Notice Date" means the date that Settlement Claims Administrator mails the Notice to Class Members.

1.25    **Objection Deadline.** "Objection Deadline" means the date by which any Class Member must submit any objections to the Settlement Agreement  and which shall be set for a date sixty (60) days after the day on which the Settlement Claims Administrator successfully mails a Notice to a Class Member, or thirty (30) days after a re-mailing.

1.26    **Objector.**  "Objector" means an individual who timely and properly files an objection to this settlement in accordance with the procedures discussed below.

1.27    **Opt Out Deadline.** "Opt Out Deadline" means the date by which any Class Member must submit a request to opt-out of the settlement and which shall be set for a date sixty (60) days after the day on which the Settlement Claims Administrator successfully mails a Notice to a Class Member, or thirty (30) days after a re-mailing.

1.28    **Opt-Out Statement.**  "Opt-Out Statement" is a written statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

1.29    **Participating Class Member.**  "Participating Class Member" means Plaintiffs and any Class Member who receives notice and does not timely and properly file an Opt-Out Statement.

1.30    **Participating Collective Members.**  "Participating Collective Members" means each Collective Member who opts into the Collective by filing an opt-in Form or signing the back of his/her collective action settlement check.

1.31    **Plaintiffs.** "Plaintiffs" shall mean PATRICIA COLBERT and LORI BROWN.

1.32    **Preliminary Approval Order.**  "Preliminary Approval Order" means the proposed Order attached hereto as Exhibit "B" to be entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of dissemination of the Notice.

1.33    **Qualified Settlement Fund or QSF.**  "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator for the Settlement Amount paid by Defendant.  The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval.  Interest, if any, earned on the QSF will become part of the Net Settlement Fund.

1.34    **Released Claims.**  Released Claims refers to claims released by this Agreement.

1.35    **Releasees**.  "Releasees" means Defendant and Defendant's respective past, present, officers, members, stockholders, directors, employees, agents, partners, representatives, insurers, reinsurers, successors, predecessors, assigns, agents, affiliates, parents, subsidiaries, divisions, attorneys, benefit plans, plan fiduciaries, and/or administrators, and other related entities and persons.

1.36    **Relevant Statutory Period.**  The "Relevant Statutory Period" means the period of time from August 3, 2019 through March 10, 2023.

**1.37    Remaining Funds.** "Remaining Funds" means the amount of funds remaining in the Net Settlement Fund from Initial Settlement Checks not cashed by Class Members within 120 days of issuance.

**1.38    Settlement Amount.** "Settlement Amount" means the gross amount of Five Hundred Seventy-Five Thousand Dollars and Zero Cents ($575,000.00), which is the amount Defendant shall pay to settle the Litigation as set forth in this Agreement, inclusive of Defendant's obligation to pay the Employer Payroll Taxes and the Settlement Administration Costs. The Settlement Amount is a non-reversionary fund; all portions of the fund will be used to pay Class Members, any  Fees and Costs, any Service Awards, Administrative Costs and any cy pres distribution, and no part of the fund will revert to Defendant. Settlement Check. "Settlement Check" means any checks issued to Settlement Participants as part of this Settlement, whether the Initial Settlement Check or the Second Settlement Check.

**1.39    Second Settlement Check.** "Second Settlement Check" means the checks issued to Settlement Participants that signed and cashed their Initial Settlement Checks, dividing the Remaining Funds on a pro rata basis.

**1.40    Service Awards.** "Services Awards" means the awards Class Counsel will request at the Fairness Hearing on behalf of the Plaintiffs in return for services rendered to Class Members, as described in Section 3.3 of this Agreement.

**1.41    Settlement Administration Costs.** "Settlement Administration Costs" means the expenses incurred by the Settlement Claims Administrator in providing Class Notice as approved by the Court and mailing checks .  Settlement Administration Costs shall be paid from the Settlement Amount.

**1.42    Settlement Claims Administrator**.  The "Settlement Claims Administrator" means a vendor selected by the Parties and subject to approval by the Court, whose responsibilities will include to mail the Notice to Class Members and administer the calculation, allocation, and distribution of the QSF.

**1.43    Settlement Participants**. "Settlement Participants" means Participating Class Members and Collective Members.

**2.    INITIAL PROCEDURAL ISSUES**

**2.1    Binding Agreement.**  This Agreement is a binding agreement and contains all material agreed-upon terms for the parties to seek a full and final settlement of the Litigation.

**2.2    Retention and Responsibilities of the Settlement Claims Administrator.**

(A)    The Settlement Claims Administrator shall be responsible for, in no particular order of importance: (i) preparing, printing, and disseminating the Notice to Class Members; (ii) tracking and promptly furnishing to Class Counsel and Defendant's Counsel copies of objections, Opt-Out Statements, or other written or electronic communications of Class Members that the Settlement Claims Administrator

receives; (iii) calculating the share of the Net Settlement Fund to Class Members; (iv) preparing and mailing Settlement Checks; (v) preparing and issuing Class Counsel's attorneys' fees, expenses, and costs, as well as the Service Awards, in accordance with this Agreement and/or any Order of the Court; (vi) administering all obligations with respect to Employer Payroll Taxes and related tax issues under this Agreement, including issuing IRS Form W-2 and IRS Form 1099 forms for all amounts paid to Settlement Participants and subsequent administration associated with recouping for Defendant's taxes withheld for Settlement Checks not cashed by Settlement Participants during the period of time for Settlement Participants to cash their Settlement Checks pursuant to this Agreement; (vii) responding to inquiries of Class Counsel and Defendant's Counsel consistent with the Settlement Claims Administrator's duties specified herein; (viii) copying counsel for all Parties on material correspondence; (ix) maintaining adequate records of its activities, including the dates of the mailing of any Notice and Settlement Checks and the date of receipt of any Notices returned as undeliverable, Opt-Out Statements, and other communications with Class Members; (x) providing Class Counsel and Defendant's Counsel with all information, documents, and calculations necessary to determine the share of the Settlement Amount to Class Members (which calculations shall be subject to approval of the Parties); (xi) providing a weekly email to Class Counsel and Defendant's Counsel regarding the status of the mailing of the Notice to Class Members, statements received from Objectors and Opt-Out Statements, the status of cashing of Settlement Checks, the claims administration process, or any other aspect of the claims administration process, subject to the terms of this Agreement; (xii) retain copies of all endorsed Settlement Checks which are cashed by Settlement Participants, and timely provide Defendant's Counsel with copies of same; and (xiii) such other tasks as the Parties mutually agree. Other than as set forth in this Agreement, the Settlement Claims Administrator shall not initiate communications with any Class Members. The Parties will have equal access to the Settlement Claims Administrator.

No later than fourteen  (14) days prior to the Fairness Hearing, the Settlement Claims Administrator shall certify in writing jointly to Class Counsel and Defendant's Counsel: (i) a list of all Objectors; (b) a list of all Class Members who timely filed an Opt-Out Statement, and (c) the aggregate total of the Settlement Checks to be issued to all Settlement Participants.

(B)    The Parties agree to reasonably cooperate with the Settlement Claims Administrator.

### 2.3    Preliminary Approval Motion.

(A)    Class Counsel will provide Defendant's Counsel with a draft of the Motion for Preliminary Settlement Approval as soon as practicable but in no event fewer than three (3) business days before submission of same to Court to enable Defendant's Counsel to review and propose changes if appropriate, to the Motion for Preliminary Settlement Approval.

(B)     Thereafter, Class Counsel shall file the Motion for Preliminary Settlement Approval with the Court requesting preliminary approval of the class action settlement, including entry of the Preliminary Approval Order, and approval of the proposed Notice.  The Motion for Preliminary Settlement Approval will seek: (i) conditional certification of the Collective for settlement purposes only; (ii) conditional certification of the Class for settlement purposes only; (iii) approval to send the Notice (and, as applicable, the Consent) to Class Members; and (iv) the setting of the Fairness Hearing date.

(C)     In the Motion for Preliminary Settlement Approval, Class Counsel will inform the Court of the intended process to obtain a Final Approval Order that will, among other things, seek to: (1) approve the class action settlement as fair, adequate and reasonable; (2) incorporate the terms of this Agreement, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel's fees and costs and the Settlement Claims Administrator's fees and costs; and (5) award Service Awards as Ordered by the Court.  The Motion for Preliminary Settlement Approval will also seek approval of the FLSA settlement contemplated herein pursuant to *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012); *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015).

(D)     If the Court denies the Preliminary Approval Motion, unless the parties jointly agree to seek reconsideration of the ruling or to renegotiate the settlement and seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted.  Defendant retain the right to contest whether the Litigation should be maintained as a class action or collective action and to contest the merits of all the claims being asserted in the Litigation.

(E)     The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and dismissal with prejudice.

**2.4    Notice**

(A)     Within ten (10) days of entry of the Preliminary Approval Order by the Court, Defendant shall provide the Settlement Claims Administrator, in a secure electronic form to protect any personally identifying information, for all Class Members, the following information: name, last known address, telephone number and/or email address and first/last dates of work in relevant position(s) between August 3, 2019 through March 10, 2023, as that information exists on file with Defendant. Defendant will contemporaneously provide the Settlement Claims Administrator with an updated copy of the Class List attached hereto as Exhibit D containing the associated names of the Class Members. All information provided to the Settlement Claims Administrator regarding Class Members will be provided to Class Counsel.

(B)     Within thirty (30) days of entry of the Preliminary Approval Order by the Court, the Settlement Claims Administrator shall mail to all Class and Collective Members, via First Class United States Mail, postage prepaid, the Notice (and, as applicable, the Consent).  The Notice shall contain a general description of the method by which settlement shares were calculated and the approximate amount of

each Notice Recipient's settlement share for their separate FLSA and state law settlement checks.

(C)    If Any Notice sent under this section is returned by the Postal Service as undeliverable, the Settlement Claims Administrator will take all reasonable steps to obtain the correct address for the Class Members for whom a Notice is returned as undeliverable and shall attempt one re-mailing per Class Member, .  The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notice sent to a Notice Recipient that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

## 2.5    Class Member Opt-Outs.

(A)    Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, statement to the Settlement Claims Administrator that states they are opting out of the settlement, includes their name, address, and telephone numbers, and states, "I opt out of the *Colbert v. Hand in Hand Group Inc.* overtime wage settlement" or words to that effect ("Opt-out Statement").

(B)    The deadline to opt-out of the settlement ("Opt-out Deadline ") shall be sixty (60) days after the day on which the Settlement Claims Administrator successfully mails a Notice to a Class Member, or thirty (30) days after a re-mailing.

(C)    The Settlement Claims Administrator will, within ten (10) days after the last day on which it mails the last Notice, notify Class Counsel and Defendant's Counsel by email of the precise Bar Date.

(D)    The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Opt-Out Statement on Class Counsel and Defendant's Counsel not later than three (3) days after receipt of same.  Class Counsel shall file stamped copies of any Opt-Out Statement with the Court with the Final Approval Motion.  The Settlement Claims Administrator will, no later than seven (7) days after the latest deadline for any Class Member to submit an Opt-Out Statement, send a final list of all Opt-Out Statements to Class Counsel and Defendant's Counsel by email.  The Settlement Claims Administrator will retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(E)    Any Class Member who does not properly submit an Opt-Out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, and will be issued a Settlement Check.

**2.6    Objections to Settlement.**

(A)    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be mailed to the Clerk of the Court and the Settlement Claims Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Claims Administrator by the Objection Deadline.  Objections may be filed by counsel for a Participating Class Member, retained at the Participating Class Member's expense, though any such counsel must file an appearance in the Action.

(B)    Objections must:

(1)    Include the name, address, and telephone number for the Class Member making the objection;

(2)    State that the Class Member objects to the Settlement, in whole or in part;

(3)    Set forth the complete legal and factual bases for the objection, including citations to any relevant authorities.;

(4)    Provide copies of any documents that the Participating Class Member wishes to submit in support of his/her position; and

(5)    State whether the objecting Participating Class Member intends on appearing at the Final Fairness Hearing either pro se or through counsel and whether the objecting Participating Class Member plans on offering testimony at the Final Fairness Hearing.

(C)    The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendant's Counsel by email and First-Class mail no later than three (3) days after receipt thereof.  Class Counsel will file the date-stamped copies of any and all objections with the Court with the Final Approval Motion.

(D)    The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing unless otherwise directed by the Court.

(E)    An Objector has the right to appear at the Fairness Hearing either in person or through counsel but is not required to do so. An Objector who wishes to appear at the Final Fairness Hearing must state the Objector's intention to do so in writing on the Objector's written objections at the time the Objector submit the Objector's written objection.  An Objector may withdraw the Objector's objection at any time. No Class Member may present an objection at the Final Fairness Hearing based on a reason not stated in the Class Member's written objections unless the Court allows it.

(F)    No Class Member shall be permitted to raise matters at the Final Fairness Hearing that the Participating Class Member could have raised in a written objection but failed to do so.

(G)    A Class Member who has submitted an Opt-Out Statement may not submit objections to the Settlement.

(H)    Any Class Member who fails to timely submit a written objection with the Court shall not be permitted to object to this Settlement Agreement at the Fairness Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived their objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

**2.7    Final Fairness Hearing and Motion for Final Settlement Approval and Dismissal With Prejudice.**

(A)    The Parties will request that the Court schedule a Final Fairness Hearing after the Opt Out /Objection Deadlines.

(B)    No later than fourteen (14) days prior to the Fairness Hearing, Class Counsel shall file their Motion for Final Settlement Approval and a proposed Final Approval Order in the form of Exhibit C.

(C)    At the Fairness Hearing and in the Motion for Final Settlement Approval, the Parties will request that the Court, among other things: (1) certify a class of all Class Members for purposes of settlement; (2) order the settlement as fair, reasonable, adequate, and binding on all Class members who have not timely opted out of the settlement and on all Collective Members who cash their settlement checks; (3) order the Settlement Claims Administrator to distribute Settlement Checks from the Net Settlement Fund to the Class Members and Service Awards to be paid to the Plaintiffs as described in this Agreement; (4) order the attorneys' fees and costs to be paid to Class Counsel from the QSF; (5) order the dismissal with prejudice of all Released Claims of Collective Members and Participating Class Members subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d); (6) order entry of Final Approval Order in accordance with this Agreement; and (7) retain jurisdiction as deemed appropriate by the Court.

(D)    If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the parties will resume the Litigation unless the parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying the Motion for Final Settlement Approval; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(E)    If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Litigation will proceed as if no settlement had been attempted.

(F)     If the Court fails to enter a Final Approval Order, the Settlement Claims Administrator will provide notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the Agreement.  The content of such notice shall be agreed to by the parties and such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice.

(G)     The Final Approval Order will order the Settlement Claims Administrator to (1) provide verification to Class Counsel and Defendant's Counsel that it has distributed the Settlement Checks, (2) retain copies of all of the endorsed Settlement Checks, and (3) provide Defendant's Counsel with the original or copies of the endorsed Settlement Checks (both sides) in accordance with this Agreement and the Court's Final Approval Order.

**2.8     Payments to Participating Class and Collective Members and Consents to Join.**

(A)     Separate checks will be mailed to Collective Members and Participating Class Members for their respective shares of the Collective Settlement Amount and the Class Settlement Amount.

(B)     A Participating Collective Member does not need to be a Participating Class Member to receive their share of the Collective Settlement Amount. Likewise, a Participating Class Member does not need to be a Participating Collective Member to receiver their share of the Class Settlement Amount.

(C)     Participating Class Members will be mailed their settlement checks for their share of the Class Settlement Amount by the Settlement Claims Administrator from the Net Settlement Fund in accordance with the Final Approval Order.

(D)     Participating Collective Members will be mailed their settlement checks for their share of the Collective Settlement Amount by the Settlement Claims Administrator from the Net Settlement Fund in accordance with the Final Approval Order.

(E)     Collective Members who are not Participating Collective Members will be mailed their settlement checks which on the back of the checks will re-notify them that they have the right to opt-into the collective and become Participating Collective Members by signing the back of the Collective Action Settlement check which shall contain, on the back of the check, the following limited endorsement:

**CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:**

By endorsing this check, I consent to join the collective action against Defendant styled *Colbert v Hand in Hand Group, Inc,*. Case No. 2:22-cv-03055-JP and release Defendant from all unpaid overtime wage claims under the Fair Labor Standards Act that arise out of events from August 3, 2019 through March 10, 2023.

_____    Dated:_____
Signature

Any modification or amendment of the above language by the Settlement Participants at Defendant's discretion may not be accepted, and may void the Settlement Check.

## 3.    SETTLEMENT TERMS

### 3.1    Settlement Amount and Payment.

(A)    Within twenty-one (21) days following entry of the Preliminary Approval Order, Defendant agrees to pay the Settlement Amount ($575,000.00) to the Claims Administrator or into an escrow account maintained by the Settlement Administrator, which shall fully and finally resolve and satisfy any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Settlement Participants, any Court-approved Service Awards to Plaintiff, and, as applicable any fees and costs of the Settlement Claims Administrator. Defendant will not be required to pay more than the Settlement Amount under the terms of this Agreement.

(B)    The Settlement Claims Administrator shall deposit the QSF entirely into an FDIC insured account.

(C)    Payments to Settlement Participants will be paid from the Net Settlement Fund. The Class Settlement Amount (70% of the Net Settlement Fund) shall be used to pay Participating Class Members and the Collective Settlement Amount (30% of the Net Settlement Fund) shall be used to pay Participating Collective Members.

(D)    The Settlement Claims Administrator will mail the Initial Settlement Checks to Participating Class Members and Collective Members within forty-five (45) days of entry of the final approval order if there are no appeals from the Final Approval Order.  If there is an appeal, the Settlement Claims Administrator will mail the Initial Settlement Checks within fourteen (14) days after resolution of the appeals in favor of final approval of the settlement.  Settlement Participants will have one hundred and twenty (120) days from the date of the mailing of the Initial Settlement Checks to cash their Initial Settlement Checks.

(E)     Within one hundred and thirty-five (135) days from the date the Settlement Checks are mailed, the Settlement Claims Administrator shall provide the Parties with two signed (front and back) copies of each Settlement Check that was timely deposited.

(F)     Any Remaining Funds from uncashed Initial Settlement Checks after 120 days of issuance will remain part of the Net Settlement Fund. The Settlement Claims Administrator will issue a Second Settlement Check constituting a pro rata share of the Remaining Funds to all Participating Class Members and Participating Collective Members who cashed their Initial Settlement Checks on a pro rata basis.  Remaining Funds that were originally sent to Class Members will be redistributed to Participating Class Members who cashed their Initial Settlement Checks and Remaining Funds that were originally sent to Collective Members will be redistributed to Participating Collective Members who cashed their Initial Settlement Checks.  However, if the remaining pro rata share of the Settlement Fund is less than $5.00 for any Participating Class Member who cashed their Initial Settlement Check, the Settlement Administrator will not issue Second Settlement Checks to such Participating Class Members but will include such money in the amounts to be sent to the Participating Class Members whose remaining pro-rata share is over $5.00.

(G)     If any amount of funds remain in the Net Settlement Fund after 90 days after issuance of the Second Settlement Checks, the Settlement Claims Administrator will pay any such funds to the Cy Pres Recipient, agreed by the Parties. No portion of the Settlement Fund will revert to Defendant.

**3.2    Settlement Amounts Payable as Attorneys' Costs and Fees.**

(A)     No later than fourteen (14) days prior to the Final Hearing Date Class Counsel will petition the Court for an award of attorneys' fees of no more than 33 and 1/3% of the Settlement Amount ($191,666.67), and for reimbursement of their actual litigation costs and expenses to be paid from the QSF.  Defendant agrees not to oppose such application in an amount not to exceed one-third of the Settlement Amount. After depositing the Settlement Amount with the Settlement Claims Administrator for the QSF, Defendant shall have no additional liability for Class Counsel's attorneys' fees and costs.

(B)     The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Settlement Approval.  Any fees or costs sought by Class Counsel but not approved by the Court shall revert to the Net Settlement Fund.

(C)     The attorneys' fees and costs shall be paid from the QSF at the time the payments to Settlement Participants are mailed.

**3.3    Service Awards.**

(A)    No later than fourteen (14) days prior to the Fairness Hearing , Class Counsel may make written application to the Court for separate  Service Awards of no more than $5,000 to each of the Plaintiffs in return for services rendered to the Class and Collective Members.  Defendant agrees not to oppose an application in an amount not to exceed $5,000 for the Service Awards to the Plaintiffs. The Parties agree that the Court shall determine the final amount of the Service Award in this action. Any amounts not approved by the Court will revert to the Net Settlement Fund and shall be distributed to Settlement Participants.

(B)    The outcome of the Court's ruling on the application for a Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Settlement Approval.  Should all or part of any Service Award sought not be approved by the Court, the sum shall revert to the Net Settlement Fund.

**3.4    Net Settlement Fund and Allocation to Collective Members and Class Members.**

(A)    The allocation of the Settlement Amount to Settlement Participants shall be made from the Net Settlement Fund.

(B)    A Settlement Participant's proportionate share of the Net Settlement Fund for their respective Class Settlement Amount payment and their Collective Settlement Amount payment will be determined by the Settlement Claims Administrator based on the allocation detailed in Exhibit "D."  The minimum claim amount for allocation purposes is $100.00.

(C)    The Notice delivered to each Collective Member and Class Member will include the approximate amount of that individual's proportionate share of the Class Settlement Amount and the FLSA Collective Settlement Amount.

**3.5    Tax Characterization.**

(A)    Settlement Checks paid to Settlement Participants will be  W-2 wage payments.. The Settlement Claims Administrator shall determine the appropriate tax treatment of any Service Awards.  All wage payments to Settlement Participants shall be subject to applicable withholding taxes including the portion of social security withholding paid by the employer which in this case will be paid by the Net Settlement Fund .  The payroll withholding will be done using the W-4 last on file with Hand in Hand or if none is on file, the withholding will be based on one exemption unless a new signed W-4 is submitted by the Class Member.

(B)    The Settlement Claims Administrator is responsible for issuing and filing appropriate forms associated with payments of any amounts to Settlement Participants, including, but not limited to, issuing the W-2  Forms for all amounts paid to the Settlement Participants.

**4.    RELEASE**

**4.1    Release of Claims by Participating Class Members.**

(A)    By operation of the entry of the Final Approval, Participating Class Members release all claims against Releasees for unpaid overtime wages under Pennsylvania state law alleged in the Amended Complaint, including the claims under the Pennsylvania Minimum Wage Act, arising out of events from August 3, 2019 through March 10, 2023, but do not release among others any claims under the FSLA or any rights or claims as may be created by this Agreement,

(B)    Plaintiffs, on behalf of the Participating Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Releasees for attorneys' fees or costs associated with Class Counsel's representation of Participating Class Members. Plaintiffs further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Litigation.

**4.2    Release of Claims by Participating Collective Members.**

(A)    By operation of the entry of the Final Approval, Participating Collective Members release all Releasees from all claims under the Fair Labor Standard Act that were alleged in the Amended Complaint arising out of events from August 3, 2019 through March 10, 2023.

(B)    Plaintiffs, on behalf of the Participating Collective Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Releasees for attorneys' fees or costs associated with Class Counsel's representation of Participating Collective Members. Plaintiffs further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Collective Class Counsel's representation in the Litigation.

**5.    INTERPRETATION AND ENFORCEMENT**

**5.1    Cooperation Between the Parties; Further Acts.** The parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2    No Assignment.** Class Counsel and Plaintiffs, on behalf of the individual Settlement Participants, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3     **Entire Agreement.**  This Agreement constitutes the entire agreement between the parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

5.4     **Binding Effect.**  This Agreement shall be binding upon the parties and, with respect to Named Plaintiffs and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5     **Arms' Length Transaction; Materiality of Terms.**  The parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the parties in entering into this Agreement, unless otherwise expressly stated.

5.6     **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7     **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8     **Severability**.  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the Commonwealth of Pennsylvania, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10    **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction or authority to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

5.11    **Waivers, etc. to be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the

right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12   **When Agreement Becomes Binding; Counterparts.**  This Agreement shall become valid and binding upon its complete execution.  The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all parties had signed the same instrument.

5.13   **Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

5.14   **CAFA Notice.** Defendant shall be responsible for timely filing the required notices to the relevant attorneys' general as required under the Class Action Fairness Act as amended.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS  FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL RELEASED  UNDER THIS AGREEMENT.**

PLAINTIFFS PATRICIA COLBERT AND LORI BROWN

| | |
|---|---|
| 07/31/2023 | _Patricia J. Colbert_ |
| _____ | _____ |
| Date | Patricia Colbert |

| | |
|---|---|
| _____ | _____ |
| Date | Lori Brown |

DEFENDANT HAND IN HAND GROUP INC.

| | |
|---|---|
| _____ | _____ |
| Date | Hand In Hand Group Inc. |
| | By |
| | Name: |
| | Title: |

right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12    **When Agreement Becomes Binding; Counterparts.** This Agreement shall become valid and binding upon its complete execution. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all parties had signed the same instrument.

5.13    **Facsimile and Email Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

5.14    **CAFA Notice.** Defendant shall be responsible for timely filing the required notices to the relevant attorneys' general as required under the Class Action Fairness Act as amended.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL RELEASED UNDER THIS AGREEMENT.**

PLAINTIFFS PATRICIA COLBERT AND LORI BROWN

_____            _____
Date                                   Patricia Colbert


07/31/2023
_____            _____
Date                                   Lori Brown



DEFENDANT HAND IN HAND GROUP INC.


_____            _____
Date                                   Hand In Hand Group Inc.
                                       By
                                       Name:
                                       Title:

18

right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12    **When Agreement Becomes Binding; Counterparts.**  This Agreement shall become valid and binding upon its complete execution.  The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all parties had signed the same instrument.

5.13    **Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

5.14    **CAFA Notice.** Defendant shall be responsible for timely filing the required notices to the relevant attorneys' general as required under the Class Action Fairness Act as amended.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS  FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL RELEASED  UNDER THIS AGREEMENT.**

PLAINTIFFS PATRICIA COLBERT AND LORI BROWN

_____          _____
Date                               Patricia Colbert


_____          _____
Date                               Lori Brown



DEFENDANT HAND IN HAND GROUP INC.

_____          _____
Date                               Hand In Hand Group Inc.
                                   By
                                   Name:  JOHN PARK
                                   Title:  CEO/ADMIN

18

# Exhibit "A"

### OFFICIAL COURT NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

**If you worked for HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE ("Hand in Hand:") as a Home Health Aide and were classified as an independent contractor at any time between August 3, 2019 and March 10, 2023 and were not paid time and one half for your hours worked over 40 hours in a week ("overtime"), you may be entitled to a payment from a class and collective action lawsuit settlement.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- You have received this Notice because records indicate that you worked as a Home Health Aide and were classified as an independent contractor by HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE at some time between August 3, 2019 and March 10, 2023.

- Former Home Health Aides of HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE named Patricia Colbert and Lori Brown ("Plaintiffs") filed a lawsuit asserting that HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE ("Defendant") failed to pay them and other Home Health Aides proper overtime wages for all overtime hours worked, as well as related wage and hour claims. Defendant denies all allegations of wrongdoing. The Court has not made any ruling on the merits of Plaintiffs' allegations. The parties have entered into a settlement with the intention to avoid further disputes and the cost of protracted litigation.

- Under the allocation formula created by the settlement, your potential settlement payment is estimated to be approximately **$[AMOUNT] for the Class Settlement and $[AMOUNT] for the Collective Settlement**, subject to deductions for applicable taxes. The payroll withholding will be calculated using the W-4 last on file with Hand in Hand, or if none is on file, the withholding will be performed based on one exemption unless a new signed W-4 is submitted by you.

- **IF YOU ARE ONE OF THE INDIVIDUALS DESCRIBED IN THIS NOTICE WHO IS AFFECTED BY THE PROPOSED SETTLEMENT, UNLESS YOU EXCLUDE YOURSELF, YOU WILL GET MONEY FROM THIS SETTLEMENT. HOWEVER, TO RECEIVE ALL THE MONEY ALLOCATED TO YOU UNDER THE SETTLEMENT, YOU MUST COMPLETE AND SUBMIT THE ENCLOSED "FLSA CLAIM FORM" TO THE CLAIMS ADMINISTRATOR OR SIGN THE BACK OF THE COLLECTIVE SETTLEMENT CHECK AND DEPOSIT IT, PRIOR TO 120 DAYS AFTER THE SETTLEMENT CHECKS ARE ISSUED.**

**Your legal rights may be affected by this settlement, and you have a choice to make:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN FLSA CLAIM FORM OR SIGN THE BACK OF THE FLSA COLLECTIVE SETTLEMENT CHECK AND CASH OR DEPOSIT THE CHECK AND DO NOT EXCLUDE YOURSELF FROM THE CLASS** | THIS IS THE ONLY WAY TO RECEIVE YOUR MAXIMUM PAYMENT UNDER THE SETTLEMENT.<br><br>IF YOU SIGN AND RETURN THE FLSA CLAIM FORM OR SIGN THE BACK OF YOUR FLSA COLLECTIVE SETTLEMENT CHECK AND CASH OR DEPOSIT THE CHECK AND DO NOT OPT OUT OF THE CLASS, YOU WILL BE PAID BOTH YOUR CLASS SETTLEMENT MONEY AND YOUR FLSA COLLECTIVE SETTLEMENT MONEY.  In such case, you will release the Class Member Released Claims and the Collective Member Released Fair Labor Standard Act Claims. |
| **DO NOTHING** | IF YOU DO NOTHING (YOU DO NOT SUBMIT AN FLSA CLAIM FORM, DO NOT SIGN THE BACK OF THE FLSA COLLECTIVE SETTLEMENT CHECK AND DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT) YOU WILL ONLY BE PAID YOUR CLASS SETTLEMENT MONEY.  In such case, you will release your Class Member Released Claims but will retain your rights under the Fair Labor Standard Act among others. |
| **EXCLUDE YOURSELF AND DO NOT FILE FLSA CLAIM FORM OR SIGN THE BACK OF THE FLSA COLLECTIVE SETTLEMENT CHECK** | IF YOU EXCLUDE YOURSELF FROM THE CLASS AND DO NOT SIGN AND RETURN THE FLSA CLAIM FORM **OR SIGN THE BACK OF THE FLSA COLLECTIVE SETTLEMENT CHECK**, YOU WILL **NOT BE PAID** ANY CLASS OR COLLECTIVE MONIES.  In such case, you will not release any of your claims. |
| **RETURN THE FLSA CLAIM FORM OR SIGN THE BACK OF THE FLSA COLLECTIVE SETTLEMENT CHECK AND CASH OR DEPOSIT THE CHECK AND OPT OUT OF THE CLASS** | IF YOU RETURN THE FLSA CLAIM FORM **OR SIGN THE BACK OF THE FLSA COLLECTIVE SETTLEMENT CHECK AND CASH OR DEPOSIT THE CHECK** AND ALSO EXCLUDE YOURSELF FROM THE CLASS, YOU WILL ONLY BE PAID YOUR COLLECTIVE SETTLEMENT MONEY.  In such case you will release your Collective Fair Labor Standard Act Claims but will not release any other claims and will not release your Pennsylvania State law wage claims. |
| **OBJECT** | You may write to the Court about why you object to the settlement. More information about objecting is set forth in Section 15 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in greater detail in this Notice.

- The Court in charge of this case still has to decide whether to issue final approval of the settlement.  Settlement payments will be made if the Court grants final approval of the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

| **1. Why did I get this notice?** |
| --- |

The Court ordered that you be sent this Notice because you have a right to know about a proposed class and collective action settlement, and about all of your options, before the Court decides whether to grant final approval of the settlement. This Notice explains the lawsuit, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court, Eastern District of Pennsylvania. The litigation is *Colbert et al. v Hand in Hand Group Inc*., Case No. 2:22-cv-03055-JP.

| **2. Am I covered by this settlement?** |
| --- |

Records on file with Defendant state that you worked for Hand in Hand Group Inc. as a Home Health Aide in the Commonwealth of Pennsylvania and were classified as an independent contractor sometime during the period between August 3, 2019 and March 10, 2023 and were not paid time and one half for your hours worked over 40 in a week.

If you worked as a Home Health Aide for Hand in Hand Group Inc. at any time between August 3, 2019 and March 10, 2023, were classified as an independent contractor and were not paid time and one half for your hours worked over 40 in a week, you are considered a "Class Member" who may participate in this settlement. You are considered a "Collective Member" who may participate in the settlement if you sign and return the FLSA claim form or sign the back of your FLSA collective settlement check and cash or deposit the check.

| **3. What is the litigation about?** |
| --- |

The litigation is about whether Defendant properly classified certain Home Health Aides as independent contractors and failed to pay those Home Health Aides time and one half for their hours over 40 in a week. Defendant denies all allegations of wrongdoing in their entirety and believes that Home Health Aides were paid properly for all hours worked. The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

| **4. Why is this a class and collective action?** |
| --- |

In a class action, one or more people called "class representatives" sue not only for themselves, but on behalf of other people who they allege have similar claims. The similarly-situated people are called "class members" and together are the "class." In a collective action, one or more people can file a consent to join as party plaintiff and thereby join  an FLSA collective action as plaintiff(s)..

| **5. Why is there a settlement?** |
| --- |

The Court has not decided in favor of Plaintiffs or Defendant. Both sides believe they will prevail in the litigation, but there have been no decisions in favor of either party. Instead, the parties have agreed to resolve this matter solely in order to avoid the burden, expense and risks associated with continued litigation. Plaintiffs and Class Counsel think the settlement is in the best interests of all Class and Collective Members.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6. What does the settlement provide?** |
| --- |

Defendant has agreed to pay a Settlement Amount of $575,000 (the "Settlement Amount") The Settlement Amount will be used to pay: (1) Participating Class Members; (2) Participating Collective Members; (3) attorneys' fees of up to $191,666.67 equal to 1/3 of the Settlement Amount plus reimbursement of actual litigation expenses and costs; (4) Service Awards of $10,000 ($5,000 to Plaintiff Colbert and $5,0000 to Plaintiff Brown); and (5) the Settlement Administrator's fees and costs. After deductions of attorney's fees, service awards, and the Settlement Administrator's fees and costs, 70% of the remaining settlement fund (the "Class Settlement Amount") will be used to pay Participating Class Members and 30% of the remaining settlement fund (the "Collective Settlement Amount") will be used to pay Participating Collective Members.

| **7.  How much will my settlement payment be and how was it calculated?** |
| --- |

If you participate in both the class and the collective, you are entitled to receive two separate settlement checks.

Based on the formula that has been preliminarily approved by the Court, your Class settlement payment is estimated to be **$[AMOUNT]** and your Collective Settlement payment is estimated to be **$[AMOUNT].**  Your Collective Settlement payment will only be paid if you execute and return the FLSA Claim Form or sign the back of your FLSA collective settlement check and cash or deposit the check.

The payments are subject to payroll deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a Form W-2.  Neither Class Counsel nor Defendant's Counsel can advise you regarding the tax consequences of the settlement.  You may wish to consult with your own personal tax advisor in connection with the settlement. The formula that has been preliminarily approved by the Court and used to calculate your settlement payments considers the number hours you worked during the relevant time period over 40 in a week ("overtime").  The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by contacting the Settlement Administrator at [INSERT SETTLEMENT ADMINISTRATOR TELEPHONE NUMBER].

The Settlement Administrator used information from Defendant's records to calculate your payment.  If you have questions about your calculation, you may contact the Settlement Administrator at [INSERT SETTLEMENT ADMINISTRATOR TELEPHONE NUMBER].

**INITIAL SETTLEMENT CHECKS THAT ARE NOT CASHED WITHIN 120 DAYS OF ISSUANCE WILL EXPIRE.**

# HOW YOU GET A PAYMENT

| 8.  How can I get my payment? |
| --- |

In order to receive your share of the Collective Settlement Amount you must either sign and return the enclosed FLSA Claim Form, or sign the back of your FLSA collective settlement check and cash or deposit the check.

You do not need to do anything to receive your share of the class settlement payment.

If you choose to exclude yourself (as explained in Paragraph 12 below), then you will not receive a class settlement payment.

| 9.  When will I get my settlement payment? |
| --- |

The Court is scheduled to hold a hearing on [INSERT DATE], at [INSERT TIME] to determine whether to grant final approval to the settlement.  If the Court approves the settlement, and there are no appeals, settlement checks will be mailed within forty-five (45) days after the final approval order is entered by the Court.  If there is an appeal, settlement checks will be mailed within fourteen (14) days after all appeals are resolved in favor of final approval of the settlement.  Please be patient.

| 10.  What am I giving up by releasing my claims? |
| --- |

Unless you exclude yourself, you will remain in the Class. That means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendant seeking payment for violations of Pennsylvania law, specifically claims for overtime wages against Defendant arising out of events occurring from August 3, 2019 through March 10, 2023.  If you execute and return the FLSA Claim Form or endorse the FLSA Claim language on the back of the FLSA Settlement Check ("Opting into the Collective"), you will release your claims under the federal Fair Labor Standards Act, including claims for overtime wages against Defendant arising out of events occurring from August 3, 2019 through March 10, 2023.

Remaining in the Class and/or opting into the Collective also means that all of the Court's orders will apply to you and legally bind you.

# OPTING INTO THE FLSA COLLECTIVE SETTLEMENT TO GET YOUR ADDITIONAL FLSA SETTLEMENT MONEY

| 11.  How can I get my FLSA payment? |
| --- |

In order to get your share of the FLSA Settlement Amount, **you must do one of the following two things**:

  (1)  Sign and return the enclosed FLSA Claim Form to the Settlement Administrator on or before 120 days after the issuance of the FLSA Collective Settlement Checks; or

  (2)  Sign the claim language on the back of the FLSA Collective Settlement check you receive and deposit or cash the check.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

| **12.  How do I opt out of the settlement?** |
| --- |

If you wish to exclude yourself from the settlement, you must submit a written Opt-out Statement to the Settlement Administrator, stating: (i) your name, address, telephone number, and email address; and (ii) a statement indicating your intent to exclude yourself from the settlement, such as "I opt out of the *Colbert v. Hand In Hand Group Inc.* overtime wage settlement" or words to that effect.

The Opt-out Statement must be postmarked by or otherwise received on or before [**INSERT DATE 60 DAYS FROM NOTICE MAILING**]. If you submit an Opt-out Statement, you will not be eligible to receive a settlement check.  You will retain the right to bring your own legal action against Defendant.  You should be aware that your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you ask to be excluded, you cannot object to the settlement.

| **13.  If I exclude myself, can I get money from the class settlement?** |
| --- |

No.  If you exclude yourself from the class, you will not be eligible to receive a class settlement check.

You will however be able to receive a FLSA collective settlement check so long as you join the collective in accordance with section 11 above.

# THE LAWYERS REPRESENTING YOU

| **14.  Do I have a lawyer in this case?** |
| --- |

The Court has decided that the law firms Lemberg Law, LLC and the Law Office of William Coudert Rand are qualified to represent you and all Class and Collective Members.  These lawyers are called "Class Counsel."  You will not be charged separately for these lawyers; their fees are being covered by the Settlement Amount.  You do not need to retain your own attorney in order to participate as a Class or Collective Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

| **15.  How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of up to one-third of the Settlement Amount ($191,666.67) for their attorneys' fees.  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  Class Counsel will also ask the Court to approve payment for the out-of-pocket costs they incurred litigating the case.

# OBJECTING TO THE SETTLEMENT

### 16.  How do I tell the Court that I disapprove of the settlement?

If you worked for Hand In Hand Inc.  as a Home Health Aide, were classified as an independent contractor and were not paid time and one half for your overtime hours at any time between August 3, 2019 through March 10, 2023, and you have not submitted an Opt-out Statement, you can object to any portion of the settlement which you disapprove.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object to the settlement, send a letter to the Settlement Administrator and Clerk of the Court saying that you object to the settlement which includes all of the following: (i) all reasons for objecting to the settlement, and any supporting documentation; and (ii) your name, address, and telephone number.

As an Objector, you also have the right to appear at the Fairness Hearing before the Court (explained in Sections 18 and 19 below) either in person or through your own counsel.  If you wish to appear at the Fairness Hearing, you should state your intention to do so in your letter to the Settlement Administrator and Clerk of the Court.

In addition, if you or your attorney wishes to speak at the Final Fairness Hearing you must state that intention in your written objection or submit a separate notice of intention to appear to the Clerk of Court no later than the **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**

Objections should be mailed to the Settlement Administrator at:

## **[INSERT SETTLEMENT ADMINISTRATOR CONTACT]**

Objections should be mailed to the Clerk of the Court at:

Clerk of the Court
United States District Court
601 Market Street
Philadelphia, PA 19106

Your objection must be postmarked by or otherwise received on or before **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**

### 17.  What's the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the settlement and asking the Court not to approve the settlement as is.  You can object only if you stay in the Class.

Opting out (also known as excluding yourself) is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both an objection and an Opt-out Statement, the Settlement Administrator will attempt to contact you to determine whether you intended to object or exclude yourself.  If the Settlement Administrator cannot reach you, it will be presumed that you intended to exclude yourself, and your objection will not be considered.

# THE COURT'S FAIRNESS HEARING

| 18.  When and where will the Court decide whether to approve the settlement? |
|---|

The Final Fairness Hearing will be held before the Honorable John R. Padova, in Courtroom 17-B of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, at [INSERT] a.m., on [INSERT]_____, 2023 (the "Settlement Fairness Hearing").

At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable and will consider any properly submitted objections.  Please be advised that the Court may adjourn the date of the hearing without further notice to Class and Collective Members, and the Court may opt to hold the Fairness Hearing via telephone or video conference.  Please contact Class Counsel using the contact information provided in Section 20 below if you have any questions about the date, time, or location of the Fairness Hearing.

| 19.  Do I have to come to the fairness hearing? |
|---|

No, you do not have to attend the Final Fairness Hearing to participate in the settlement or object to the settlement, but you are welcome to come at your own expense.  You may also pay your own lawyer to attend, but it is not necessary.

If you send an objection, you do not have to come to Court in person.  As long as you have not excluded yourself and have mailed your written objection on time, the Court will consider it.

# GETTING MORE INFORMATION

| 20.  Are there more details about the settlement? |
|---|

This Notice summarizes the proposed settlement.  More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the Settlement Administrator or Class Counsel using the contact information below.

| 21.  How do I get more information? |
|---|

If you have other questions about the settlement or want more information, you can contact the Settlement Administrator at the following address:

**[INSERT SETTLEMENT ADMINISTRATOR'S ADDRESS]**


You may also contact Class Counsel at:

William C. Rand
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, NY 10017
Telephone: (212) 286-1425
wcrand@wcrand.com

Sergei Lemberg
Joshua Markovits
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
slemberg@lemberglaw.com
jmarkovits@lemberglaw.com


DATED: _____, 2023


## Do not contact the Court directly for any reason.

# FLSA CLAIM FORM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA COLBERT and LORI BROWN, Individually and on Behalf of All Other Persons Similarly Situated, | : |
| Plaintiffs, | : **Civil Action** |
| vs. | : |
| HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE; and JOHN DOES #1-10, | : **No. 2:22-cv-03055-JP** |
| Defendant. | : |

## CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE AND RELEASE OFFEDERAL WAGE CLAIMS

MAIL TO:  [Insert Claim Administrator Address]

**TO RECEIVE YOUR FULL SHARE OF THE SETTLEMENT YOU MUST SIGN AND RETURN THIS CLAIM FORM NO LATER THAN 120 DAYS FROM THE ISSUANCE DATE OF THE COLLECTIVE ACTION SETTLEMENT CHECKS OR SIGN THE BACK OF YOUR FLSA COLLECTIVE SETTLEMENT CHECK AND CASH OR DEPOSIT THE CHECK.**

**I, certify by signing below that I wish to join the FLSA Collective certified in the Lawsuit listed in the Notice and to participate in the portion of the proposed Settlement relating to claims asserted under the FLSA. I hereby consent to become a party plaintiff in the Lawsuit, and I hereby authorize Class Counsel to file this Claim Form with the Court. I also certify that I agree to be bound by the terms, including the Release, contained in the Settlement Agreement.**

**Name:_____,  Date: _____**

**Signature _____**

**COMPLETE AND SIGN THIS FORM OR SIGN THE BACK OF YOUR FLSA COLLECTIVE SETTLEMENT CHECK AND CASH OR DEPOSIT THE CHECK IF YOU WISH TO PARTICIPATE IN THE FLSA COLLECTIVE AND RECEIVE YOUR FULL SHARE OF THE SETTLEMENT AMOUNT**

**Please note:** You do not need to submit this form or become a member of the FLSA Collective to recover under the Class Action Settlement. All Collective Members who do not submit a request for exclusion – including those who take no action – will become members of the Rule 23 Class and will receive a payment in consideration for the release of their state wage claims. However, to receive your full distribution, which includes payment for your FLSA claims, you must timely submit this Claim Form to the Claims Administrator or sign the back of the FLSA Settlement Check and cash or deposit the check.

<u>**RELEASE:**</u> By submitting this Claim Form, you are releasing your claims under the Fair Labor Standards Act.

# Exhibit "B"

# [Proposed Order Preliminarily Approving Class Settlement]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PATRICIA COLBERT and LORI BROWN, Individually and on Behalf of All Other Persons Similarly Situated, | : : : : |
| Plaintiffs, | : **Civil Action** : |
| vs. | : : |
| HAND IN HAND GROUP INC. D/B/A CARING MATTERS HOME CARE; and JOHN DOES #1-10, | : **No. 2:22-cv-03055-JP** : : : : |
| Defendant. | : : |

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT AND PROVIDING FOR NOTICE OF FAIRNESS HEARING

**WHEREAS**, the putative class and collective action, *Colbert et al. v Hand In Hand Group Inc. et al.,* Case No. 2:22-cv-03055-JP; ("Lawsuit"), is currently pending before this Court;

**WHEREAS**, the parties have made an application, pursuant to Federal Rules of Civil Procedure 23(e) and (g) for an order approving settlement of the claims alleged in the Lawsuit on a class basis (the "Settlement") and appointing class counsel in accordance with a Settlement Agreement dated as of May 16, 2023 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit against Defendant Hand in Hand Group Inc. ("Defendant") and for dismissal of the Lawsuit against Defendant with prejudice upon the terms and conditions set forth therein, and the Court has read

and considered the Agreement, the exhibits annexed thereto, and the parties' joint motion for approval; and

**WHEREAS**, all capitalized terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS \_\_\_\_ DAY OF _____, 2023, HEREBY ORDERED AS FOLLOWS:**

1.      The Court hereby preliminarily approves the Class and Collective Settlement set forth in the Agreement as being fair, just, and reasonable.

2.      For purposes of the Settlement, the Court hereby preliminarily certifies the class and putative Collective Class as defined in the Agreement (hereinafter, the "Class" or "Collective Class"); namely, "all individuals who worked for Defendant Hand In Hand Inc.; provided personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors; and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10, 2023." The Court finds, for settlement purposes, that the Class meets all of the requirements of Federal Rule of Civil Procedure 23.

3.      The Court appoints Plaintiffs Patricia Colbert and Lori Browns as Class Representatives; appoints as Class Counsel Lemberg Law, LLC and the Law Office of William Coudert Rand; and approves the use of CPT Group as the Settlement Claims Administrator.

4.      The Agreement falls within the range of reasonableness and appears to be presumptively valid, subject only to the objections that may be raised at the final Fairness Hearing.

5.      The Court approves, as to form and content, the Notice of Settlement attached as Exhibit A to the Agreement under Federal Rules of Civil Procedure 23(c) and (e), and finds that the mailing and distribution of the Notice substantially in the manner and form set forth

in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to all persons in the Class, complying fully with the requirements of Federal Rule of Civil Procedure 23, the Fair Labor Standards Act (the "FLSA"), the Constitution of the United States, and any other applicable laws.

6.      A Fairness Hearing shall be held before this Court on _____, 2023, [not less than 90 days from the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1715(b) notice mailing date] at Courtroom 17-B of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine finally whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate, and in the best interest of the Class, and should be approved by the Court; and whether entry of Judgment and Final Approval, as provided in the Agreement, should be entered.

7.      Class Counsel, along with the Claims Administrator, are hereby authorized to supervise and administer the notice procedure as more fully set forth below:

A.      Within ten days of the date of this Order, the Defendant shall provide the Claims Administrator and Class Counsel the following information for all Class Members: name, last known address, telephone number and/or email address and dates of work in relevant position(s) between August 3, 2019 through March 10, 2023, as that information exists on file with Defendant.

B.      Within twenty-one days of this Order, the Defendant shall pay the Settlement Amount of $575,000.00 to the Claims Administrator or into an escrow account maintained by the Settlement Administrator, which shall be used to fully pay all amounts to be paid to Settlement Participants, any Court-approved Service Awards to Plaintiffs, any awards of attorney's fees and costs to Class Counsel, and the Claims Administrator's fees and costs of

administration.

C.      Within thirty days of the date of this Order (the "Notice Date"), the Claims Administrator shall cause to be mailed, by first-class mail, a copy of the Notice of Settlement, substantially in the form annexed as Exhibit A to the Agreement, to all putative Class and Collective Action Members who can be identified or located with reasonable effort.

D.      Class Members shall have sixty (60) days from the date that the Notice is mailed to opt-out of the settlement by mailing an Opt-Out Statement to the Claims Administrator, containing the information required by the Agreement.

E.      Putative Collective Members may opt-into the collective by executing and returning the FLSA Claim Form sent with the notice or by endorsing the claim language on the back of the FLSA Collective Settlement check mailed to the Member and cashing the check, prior to the date 120 days after issuance of the Collective Settlement checks.

F.      Class Members shall have sixty (60) days from the date that the notice is mailed (the "Notice Date") to mail a Written Objection to the Claims Administrator and Clerk of the Court, containing the information required by the Agreement.  Any statement of position or objection shall state the objector's name, address, and telephone number; state that the Class Member objects to the settlement, in whole or in part; set forth the bases for the objection and attach any supporting documents; , and state whether the objector intends on appearing at the Final Fairness Hearing at the Final Fairness Hearing, whether they intend on offering testimony at the Fairness Hearing.  Any member of the Class who does not make their objection in the manner provided in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, the releases provide for in the Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the award of an incentive payment for the Named

Plaintiff, unless otherwise ordered by the Court.

        G.     Class Counsel shall file a petition for an award of attorney's fees, reimbursement of costs and expenses, and service awards to the Plaintiffs, no later than fourteen (14) days prior to the Fairness Hearing .

        H.     Class Counsel shall file a Motion for Judgment and Final Approval of the Settlement and the Agreement no later than fourteen (14) days before the Fairness Hearing.

        I.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel:  Sergei Lemberg, Esq. and Joshua Markovits, Esq., Lemberg Law, LLC 43 Danbury Road, Wilton, Connecticut 06897, 203.653.2250 and William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017 (phone #212-286-1425) (fax #646-688-3078).  The Court may approve the settlement, with such modifications as may be agreed to by Class Counsel and Defense Counsel, if appropriate, without further notice to the Class.

        SO ORDERED

        _____

        United States District Judge

Dated: _____, 2023

# Exhibit "C"

# Form of Order providing Final Approval of Settlement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA COLBERT and LORI BROWN,<br>Individually and on Behalf of All Other<br>Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HAND IN HAND GROUP INC. D/B/A<br>CARING MATTERS HOME CARE; and<br>JOHN DOES #1-10,<br><br>Defendant. | : <br> : <br> : <br> : <br> : **Civil Action**<br> : <br> : <br> : **No. 2:22-cv-03055-JP**<br> : <br> : <br> : <br> : <br> : |

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING
CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT
DISMISSING THE ACTION WITH PREJUDICE**

This matter came on for hearing upon the Court's Order of _____, 2023 granting preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.      Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, dated May 16, 2023 (the "Agreement").

b.      For purposes of the Settlement, the Court hereby certifies the class and the putative collective class as defined in the Agreement (hereinafter, the "Class" or "Collective Class"); namely, "all individuals who worked for Defendant Hand In Hand Inc. to provide personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors; and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10, 2023." The Court finds, for settlement purposes, that the Class meets all of the requirements of Federal Rule of Civil Procedure 23.

c.      The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiffs, Defendant Hand In Hand Group Inc. and all members of the Class, which consists of all individuals who worked for Defendant Hand In Hand Inc.; to provide personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors; and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10, 2023, excluding those persons listed on Exhibit ____ who validly excluded themselves from the Class or did not receive notice. (the "Class" and/or the "Collective")

d.      The Court finds that the distribution by first-class mail of the Notice of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to Class was adequate. These papers informed class members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. ___ Class Members

objected to the Settlement. The Following Class Members have validly requested exclusion and are no longer a member of the Class : _____ and the following Class Members did not receive notice by mail and thus also are no longer a Member of the Class: _____**.**

e.    The Court finds, for purposes of settlement only, that the class satisfies the applicable standards for certification under Federal Rules of Civil Procedure 23. Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f.    The Court approves the Class and Collective Settlement, and each of the releases and other terms set forth in the Agreement, as fair, just, reasonable, and adequate as to the Class, the Named Plaintiffs, and Defendant (collectively "Settling Parties") under all applicable law, including but not limited to, Federal Rule of Civil Procedure 23 the Fair Labor Standards Act, and Pennsylvania Labor Law. The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Agreement.

g.    The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that distribution of the Net Settlement Fund Settlement to Class Members and Collective Members shall be done in accordance with the terms outlined in the Agreement.

h.    The Court hereby orders the appointment of Patricia Colbert and Lori Brown as Class Representatives for the Class for purposes of settlement.

i.    The Court hereby orders the appointment of William Coudert Rand, Law Office of William Coudert Rand and Sergei Lemberg and Joshua Markovits, Lemberg Law, LLC, as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

j.      The Court hereby awards Class Counsel their reasonable attorneys' fees in the amount of $191,666.67_____, costs and expenses in the total amount of $_____, and a Service Award for each Class Representative in the amount of $5,000.  Defendant is directed to make all of the foregoing payments to Class Counsel and the Class Representatives and the Class Members in accordance with the terms of the Agreement.

k.      The payments to Class Members provided for in the Settlement Agreement shall be paid to Class Members, pursuant to the terms and conditions of the Settlement Agreement and Section 3 thereof.

l.      By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Class Members The Court permanently enjoins all Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement, except those Class Members who have timely and validly opted-out or to whom Defendant has granted an exclusion.

m.      Defendant will file with the Court a copy of the FLSA signed consents to join a collective plaintiffs contained on the back of the settlement checks promptly after the expiration date of the checks.

n.      The Defendant entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendant in no way admit any liability, and all liability is expressly denied.

o.      This action is hereby dismissed on the merits and with prejudice.  The action is closed.  The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

p.      This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.

4

Dated: _____, 2023

_____
United States District Judge

# Exhibit "D"

# ALLOCATION OF SETTLEMENT[1]

| Name | Estimated Initial Class Settlement Check | Estimated Initial Collective Settlement Check |
|---|---|---|
| Olivia Armstead | $2,035.11 | $872.19 |
| Balu Bangura | $3,603.72 | $1,544.45 |
| Justin Branch | $217.95 | $93.41 |
| Tamika Branch | $1,105.66 | $473.85 |
| Lori Brown | $481.69 | $206.44 |
| Patricia Colbert | $9,146.93 | $3,920.11 |
| Wanda Costello | $4,014.48 | $1,720.49 |
| Sakina Crumpler | $100.97 | $43.27 |
| Jack Ferguson | $727.18 | $311.65 |
| Laurie Finn | $44.78 | $19.19 |
| Albert Geiger | $3,969.70 | $1,701.30 |
| Brandon Ginter | $6,633.04 | $2,842.73 |
| Thomas Goad | $4,253.81 | $1,823.06 |
| Henry Greene | $1,287.56 | $551.81 |
| Phillip Hawkins | $44.78 | $19.19 |
| Denise Hooks | $13,791.31 | $5,910.56 |
| Akeem King Jackson | $2,473.03 | $1,059.87 |
| Gregory Knight | $1,831.46 | $784.91 |
| Janet Knight | $2,444.01 | $1,047.43 |
| Mayden Maurice | $798.60 | $342.26 |
| Denise McGlone | $5,841.38 | $2,503.45 |

---

[1] The estimated initial settlement checks were calculated as follows.

First, Plaintiffs calculated the Net Settlement Fund of $361,757.54 by deducting from the total settlement fund ($575,000.00) the requested attorney's fee award ($191,666.67), the requested service awards ($10,000), and the estimated class action administrative costs ($11,575.79).  Plaintiffs then reduced the Net Settlement Fund to account for the 6.2% of employer social security tax and 1.45% employer Medicare tax which resulted in a figure of $334,083.08 (the "Tax-Adjusted Net Settlement Fund").

Second, Plaintiffs used Defendant's payroll records to calculate the unpaid overtime amount based on the hours each class member worked in in excess of 80 per 2-week period during the Class Period (August 3, 2019 through March 10, 2023) and including a $100 minimum per-class member (the "Individual Claim Amounts").  The total aggregate claim amounts equaled $522,273.08 ("Aggregate Claim Amount").

Third, Plaintiff calculated each Estimated Initial Settlement Check Amount listed on Exhibit D by taking the Individual Claim Amount and dividing it by the Aggregate Claim Amount and then multiplying it by the Tax-Adjusted Net Settlement Fund. 70% of the Initial Settlement Check amount is allotted to the Initial Class Settlement Check and 30% of the Initial Settlement Check is allotted to the Initial Collective Settlement Check.

| | | |
|---|---:|---:|
| Zahra Mowafy | $6,014.56 | $2,577.67 |
| Rika Mullen | $1,281.52 | $549.22 |
| Channa Noun | $2,034.71 | $872.02 |
| Mark Palumbo | $6,194.67 | $2,654.86 |
| Veronique Redd | $6,442.97 | $2,761.27 |
| Charles Rice | $114.18 | $48.93 |
| Roberta Rinier | $3,061.93 | $1,312.26 |
| Cecilia Rivera-Sanchez | $738.12 | $316.34 |
| Darrius Rouse | $1,735.39 | $743.74 |
| Jairo Rosa-Sanches Jr. | $37,274.16 | $15,974.64 |
| Atiya Shabazz | $21,535.30 | $9,229.41 |
| Sheena Shockley | $5,308.22 | $2,274.95 |
| Brian Singleton | $551.97 | $236.56 |
| Crystal Spriggs | $5,092.07 | $2,182.31 |
| Syreet Stanford | $9,177.55 | $3,933.23 |
| Antoinette Taliaferro | $2,250.74 | $964.60 |
| Adeeb Thomas | $1,518.50 | $650.79 |
| Troy Thomas Jr. | $6,249.19 | $2,678.22 |
| Charley Todd | $8,108.12 | $3,474.91 |
| Linda Torres | $44.78 | $19.19 |
| Kadiatou Tradre | $607.06 | $260.17 |
| Thomas Trego | $411.95 | $176.55 |
| Frank Wade | $2,089.83 | $895.64 |
| Jordan Walker | $5,634.74 | $2,414.89 |
| Yulanda Washington | $44.78 | $19.19 |
| Tanya White | $347.55 | $148.95 |
| Diamond Williams | $5,770.80 | $2,473.20 |
| Xing Zhang | $17,947.62 | $7,691.84 |
| Yu Zhang | $4,403.21 | $1,887.09 |
| Jack Bishop | $44.78 | $19.19 |
| Sanova Bishop | $44.78 | $19.19 |
| Victoria Campbell | $85.08 | $36.46 |
| Taji Cunningham | $44.78 | $19.19 |
| Joanna Fleischer | $207.26 | $88.83 |
| Rita Gaffney | $650.89 | $278.95 |
| Robert Harper | $44.78 | $19.19 |
| Denise Harvin | $44.78 | $19.19 |
| Sarah James | $73.88 | $31.66 |
| Qiana Martin | $44.78 | $19.19 |
| Cashe Moody | $44.78 | $19.19 |
| Tahja Moody | $44.78 | $19.19 |
| Simoun Newell | $44.78 | $19.19 |

| | | |
|---|---|---|
| Daisy Pizarro | $44.78 | $19.19 |
| Donell Scarvers | $44.78 | $19.19 |
| Elnora Stevenson | $44.78 | $19.19 |
| Linda Taylor | $44.78 | $19.19 |
| Daaiyah Turner | $369.41 | $158.32 |
| David Wiggins | $88.66 | $38.00 |
| Jacoya Brazzle | $44.78 | $19.19 |
| Shaimma Elwaraky | $44.78 | $19.19 |
| Lamar Osborne | $121.57 | $52.10 |
| Damaris Pagan | $604.49 | $259.07 |
| Rederick Redd | $88.83 | $38.07 |
| Jacqueline Villanueva | $89.33 | $38.28 |
| Addie Wallace | $44.78 | $19.19 |
| Zakia Williams | $44.78 | $19.19 |
| Sharon Birckett | $701.21 | $300.52 |
| Zyaire Bland | $81.49 | $34.93 |
| Leslie Hirsch | $193.64 | $82.99 |
| Joseph Kelley | $148.88 | $63.81 |
| Miya Matthews | $75.67 | $32.43 |
| Tonya Simmons | $162.54 | $69.66 |
| Alexus Thomas | $489.75 | $209.89 |
| Shahida Thomas | $95.15 | $40.78 |
| Tyriek White | $44.78 | $19.19 |
| Deatra Bryant | $44.78 | $19.19 |
| Dhiana Chambers | $51.66 | $22.14 |
| Barbara Elwhaley | $57.20 | $24.52 |
| Kadejah McBride | $146.22 | $62.67 |
| Matthew Parris | $58.94 | $25.26 |
| Tieshasimon Ponder | $64.23 | $27.53 |
| Shariff Thomas | $458.40 | $196.46 |
| Tiffany Thornton-Self | $902.70 | $386.87 |
| Victoria Vann | $106.96 | $45.84 |