UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA COLBERT and LORI BROWN,
Individually and on Behalf of All Other
Persons Similarly Situated,

          Plaintiffs,

vs.

HAND IN HAND GROUP INC. D/B/A
CARING MATTERS HOME CARE; and
JOHN DOES #1-10,

          Defendant.

**Civil Action**

No. 2:22-cv-03055-JP

### ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE

This matter came on for hearing upon the Court's Order of August 3, 2023 granting preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Class and Collective (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a. Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, dated July 31, 2023 (the "Agreement").

b. For purposes of the Settlement, the Court hereby certifies the class and the collective as defined in the Agreement (hereinafter, the "Class" or "Collective"); namely, "[A]ll individuals who worked for Defendant to provide personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors; and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10,

2023." The Court finds, for settlement purposes, that the Class meets all of the requirements of Federal Rule of Civil Procedure 23.

c. The Court finds, for settlement purposes, that the Plaintiffs and members of the Collective advance similar claims; seek substantially the same form of relief; and allege that they have similar circumstances of employment, and therefore the Court certifies the Collective.

d. The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiffs, Defendant Hand In Hand Group Inc. and all members of the Collective and all members of Class, which consists of all individuals who worked for Defendant Hand In Hand Inc.; to provide personal care, assistance, health-related tasks, and other home care services to Defendant's clients; who were classified by Defendant as independent contractors; and who were not paid time and one half for their hours worked over forty in a week at any time from August 3, 2019 through March 10, 2023.

e. The Court finds that the distribution by first-class mail of the Notice of Class and Collective Action Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act based on evidence and other material submitted in conjunction with the Fairness Hearing, and the actual notice to the Class and Collective was adequate. These papers informed class and collective members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class or Collective members objected to the Settlement. No Class or Collective members have requested exclusion.

f. The Court finds, for purposes of settlement only, that the class satisfies the applicable standards for certification under Federal Rules of Civil Procedure 23. Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

g. The Court approves the Class and Collective Settlement, and each of the releases and other

terms set forth in the Agreement, as fair, just, reasonable, and adequate as to the Class, the Collective, the Named Plaintiffs, and Defendant (collectively "Settling Parties") under all applicable law, including but not limited to, Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and Pennsylvania Labor Law. The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Agreement.

h.  The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that distribution of the Net Settlement Fund Settlement to Class Members and Collective Members shall be done in accordance with the terms outlined in the Agreement.

i.  The Court hereby orders the appointment of Patricia Colbert and Lori Brown as Class Representatives for the Class for purposes of settlement.

j.  The Court hereby orders the appointment of William Coudert Rand, Law Office of William Coudert Rand and Sergei Lemberg and Joshua Markovits, Lemberg Law, LLC, as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

k.  The Court hereby awards Class Counsel their reasonable attorneys' fees in the amount of $191,666.67 and a Service Award for each Class Representative in the amount of $5,000. The Court also approves the payment of the Class Action Administrator CPT, Inc.'s expenses in the amount of $8,500. The Class Action Administrator is directed to make all of the foregoing payments to Class Counsel and the Class Representatives and the Participating Class and Collective Members in accordance with the terms of the Agreement.

l.  The payments to Participating Class Members and Collective Members provided for in the Settlement Agreement shall be paid to Participating Class Members and Collective Members, pursuant to the terms and conditions of the Settlement Agreement and Section 3 thereof.

m.  By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Participating Class Members and Participating Collective Members.

      The Court permanently enjoins all Participating Class Members and Participating Collective Members from pursuing and/or seeking to reopen claims that have been released by the Settlement Agreement.

n.     Within 30 days after the expiration of the Initial Settlement Checks, the Class Action Administrator will file with the Court a list of the Participating Collective Members who either submitted a Claim Form and Consent to Join FLSA Collective and Release of Federal Wage Claims or signed the Consent to Join and Final Release of Claims on the back of their settlement collective checks.

o.     The Defendant entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendant in no way admit any liability, and all liability is expressly denied.

p.     This action is hereby dismissed on the merits and with prejudice.  The action is closed.  The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

q.     This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: January 23, 2024                                  /s/ John R. Padova, J.
                                                           United States District Judge